UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WILLIAM SANDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1745** |
| **OFFSHORE SPECIALTY FABRICATORS, LLC, ET AL** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court Plaintiff's Motion to Exclude Testimony of David H. Scruton. Defendant retained Mr. Scruton as an expert witness to opine on issues of liability. Plaintiff argues that his opinions should be excluded under Federal Rule of Evidence 702 because his opinions are not helpful to the Court and the matters in dispute can be ascertained by the trier of fact through common sense.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

1

evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*,[1] and *Kumho Tire Co. v. Carmichael*.[2] The threshold inquiry is whether the expert possesses the requisite qualifications to render opinion on a particular subject matter.[3] Having defined the permissible scope of the expert's testimony, a court next inquires whether the opinions are reliable and relevant.[4] In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the finder of fact within that system.[5] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] As the "gatekeeper" of expert testimony, the trial court enjoys broad discretion in determining admissibility.[7]

Expert testimony should be disallowed where the trier of fact can "adeptly assess this situation using only their common experience and knowledge."[8] The Court has reviewed Mr. Scruton's expert report and finds that it offers nothing beyond common-sense conclusions regarding this rather

---

[1] 509 U.S. 579 (1993).
[2] 526 U.S. 137 (1999).
[3] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 799 (E.D. La. 2011); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").
[4] *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).
[5] *See Daubert*, 509 U.S. at 596.
[6] *Id.*
[7] *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013).
[8] *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

basic slip and fall case. Plaintiff has summarized the issues presented as follows: "whether it was unreasonably dangerous for safety glasses to be present on the stairs and if so, whether the defendant is responsible for the resulting accident and injuries sustained by Sanders." This Court agrees and finds that an expert is not needed to resolve these issues. None of the opinions reached in the report require specialized knowledge. Indeed, at several points Mr. Scruton openly questions Plaintiff's veracity. Such questions of fact are reserved for the finder of fact and are beyond the appropriate scope of expert testimony. This case involves Plaintiff's allegation that he slipped and fell while descending the stairs on Defendant's vessel. The facts of this case present no unusual or unique issues requiring specialized knowledge to understand. Because Scruton's opinion testimony is not helpful to the trier of fact, Plaintiff's Motion is **GRANTED**.

New Orleans, Louisiana this 28th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**